UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| J.T.H and H.D.H ) | |
| ) | Case No. 1:20-CV-222 ACL |
| Plaintiffs, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| SOCIAL SERVICES, CHILDREN'S ) | |
| DIVISION; and SPRING COOK, *in her* ) | |
| *Individual capacity*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO DISMISS

COME NOW defendants, Missouri Department of Social Services, Children's Division (CD) and Spring Cook, pursuant to Fed. R. Civ. P 12 (b)(1) and (b)(6), and in support of their Motion to Dismiss (Motion) state:

1.  The Complaint arises out of a CD investigation concerning plaintiffs' minor son who was sexually abused by two adults (including statutory sodomy by a Scott County Deputy); the child had been groomed over a smartphone app called Grindr and had engaged in Facebook sex-messaging with an adult.

2.  As a result of her investigation, Ms. Cook, CD director/circuit manager, made a preliminary finding of parental neglect, after which plaintiffs sought administrative review, first performed by Ms. Cook and then by CD's Child Abuse and Neglect Review Board (CANRB).

3. The CANRB concluded that the preliminary finding was unsubstantiated and, as a result, plaintiffs were never listed on the Missouri Child Abuse and Neglect Registry (Central Registry).

4. At issue in the lawsuit is the constitutionality of Missouri's statutory and regulatory scheme governing child abuse and neglect, including the Central Registry, and claims against Ms. Cook for her handling of the investigation.

5. Count I requests prospective, declaratory relief against CD for violating procedural due process guarantees of the Fourteenth Amendment to the United States Constitution.

6. Count II seeks to enjoin CD from enforcing allegedly unconstitutional procedures in resolving reports of abuse made to the State of Missouri's Child Abuse and Neglect Hotline.

7. Count III, against Ms. Cook in her individual capacity, claims that she retaliated against the plaintiffs for making allegations against Scott County and its sheriff by investigating and making a finding of child abuse and neglect against plaintiffs in violation of their rights under the First Amendment to the United States Constitution.

8. Count IV alleges that Cook, in her individual capacity, violated plaintiffs' right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution.

9. Count V is a state law malicious prosecution claim against Ms. Cook for investigating a report of child abuse or neglect and making a finding against plaintiffs.

10. Counts I and II fail because plaintiffs lack standing in that no actual controversy exists between the parties.

11. Counts I, II and IV fail because Missouri law and procedures comply with constitutional due process requirements, and Ms. Cook did not violate plaintiffs' right to substantive due process.

12. Count II also fails because it does not state a claim for injunctive relief.

13. Count III fails because it does not identify a protected activity plaintiffs engaged in, does not allege any action by Ms. Cook that would chill a person of ordinary firmness from continuing an activity, does not allege that any protected activity constituted a substantial, but-for cause of Ms. Cook's decision, and, furthermore, Ms. Cook had sufficient facts to raise a reasonable suspicion to support her investigation and the preliminary finding.

14. Counts III and IV are barred variously by the doctrines of absolute, qualified, and official immunity.

15. Count V fails to allege facts stating a claim for malicious prosecution and is barred by absolute and official immunity and, to the extent a claim is stated, the Court should decline to exercise its supplemental jurisdiction over this state law claim.

16. In further support of this Motion, defendants incorporate by this reference the statement of facts, applicable law and legal arguments set forth in their Memorandum of Law in Support of Defendants' Motion to Dismiss filed contemporaneously herewith.

WHEREFORE, defendants respectfully request the Court to dismiss this action with prejudice for failure to state a claim for relief, and for whatever further relief the Court deems proper.

Respectfully submitted,
**ERIC S. SCHMITT**
Attorney General

*/s/Edward V. Crites*
Edward V. Crites #33985
Assistant Attorney General
815 Olive Street, Suite 200
St. Louis, Missouri  63101
Tel:  (314) 340-7861
Fax:  (314) 340-7029
Edward.crites@ago.mo.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2020, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record.

/s/ Edward V. Crites
Assistant Attorney General