UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| J.T.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20 CV 222 ACL |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| SOCIAL SERVICES, CHILDREN'S | ) | |
| DIVISION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Complaint of Plaintiffs asserting civil rights claims under 42 U.S.C. § 1983.  Presently pending before the Court is Plaintiffs' Motion to Proceed by their Initials in this Case.  (Doc. 2)

**I.     Background**

In their Complaint, Plaintiffs J.T.H. and H.D.H., husband and wife, allege claims under § 1983 arising out of findings of child neglect against them by Scott County Children's Division ("SCCD") manager Spring Cook.  Plaintiffs claim that Scott County sheriff's deputy Brandon Cook sexually abused Plaintiffs' fifteen-year-old son.  Defendant Spring Cook manages SCCD and works closely with Scott County deputies.  Plaintiff J.T.H. asserted claims related to the abuse against the County.  Plaintiffs allege that, weeks later, Spring initiated a retaliatory Children's Division investigation into Plaintiffs.  Plaintiffs state that the administrative appeal process ultimately terminated in Plaintiffs' favor.  Plaintiffs assert claims of denial of procedural due process, and retaliation.  They seek damages and equitable relief.

In their Motion, filed on the same day as the Complaint, Plaintiffs seek to proceed by

1

their initials to protect the safety and privacy of their son.  Plaintiffs' son was a fifteen-year-old minor when Plaintiffs allege he was sexually abused by a uniformed Scott County police officer. Plaintiffs state that the abuser is awaiting trial on felony sodomy charges in Cape Girardeau County Circuit Court, in which their son is a victim and Plaintiffs are identified only by their initials.  Plaintiffs state that they wish to avoid ostracism for their son related to his sexual abuse.

Defendants have not responded to Plaintiffs' Motion.

## II.    Discussion

Federal Rule of Civil Procedure 10(a) generally requires parties to a lawsuit to identify themselves in their respective pleadings.  *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)).  The public has a First Amendment right to access judicial proceedings, and that right includes the identity of the parties to litigation.  *Chambliss v. Liberty Life Assur. Co. of Boston*, No. 13-1685 JRT, 2013 WL 5676486, at *2 (D. Minn. Oct. 18, 2013) (citing *Luckett v. Beaudet*, 21 F. Supp.2d 1029 (D. Minn. 1998)).  When a plaintiff commences an action in federal court, he "invites public scrutiny of the dispute and the proceeding." *Id.*

The decision to allow pseudonyms is within a court's discretion.  *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999).  Neither the Eighth Circuit nor the Supreme Court has addressed the issue of when a pseudonym may be used; however, many federal courts of appeal and numerous district courts have reached this issue.  *Roe v. St. Louis University*, No. 4:08-CV-1474-JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009).  These courts have held that a totality-of-the-circumstances balancing test must be used when deciding whether a party can sue under a pseudonym; in other words, the court must ascertain whether the plaintiff "has a substantial privacy right which outweighs the customary constitutionally-

embedded presumption of openness in judicial proceedings." *Id.* (quoting *Frank*, 951 F.2d at 323 (internal quotations and citation omitted) ).

The courts have identified several factors common to cases in which a plaintiff has been permitted to proceed under a fictitious name, including "(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading." *Id.* (quoting *Doe H.M. v. St. Louis County*, No. 4:07-CV-2116-CEJ, 2008 WL 151629 at *1 (E.D. Mo. Jan.14, 2008) (citing *Frank*, 951 F.2d at 323)); *see also Chambliss*, 2013 WL 5676486, at *2.

Plaintiffs state that they wish to proceed by their initials to protect their son from disclosure of intensely sensitive and personal matters related to his sexual assault.  Indeed, numerous courts have allowed plaintiffs alleging civil sexual assault to proceed anonymously or by their initials for the same reasons.  The Seventh Circuit, for example, has held that "[i]n some situations, a litigant's use of a fictitious name is warranted.  Such situations include protecting the identities of '*children*, *rape victims*, and other particularly vulnerable parties.'"  *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)) (emphasis added).  In this District, a plaintiff was allowed to proceed anonymously because her status as a rape victim was a "personal matter of the utmost intimacy."  *St. Louis University*, 2009 WL 910738 at *5 (quoting *W.G.A.*, 184 F.R.D. at 617).  The court in *E.E.O.C. v. Spoa*, *LLC* noted that because electronic docket filings remain "pervasively available" on the internet, the use of the plaintiff's real name "may [cause her to] face psychological harm from having this sensitive experience

[her sexual assault] made permanently available to anyone with internet access." No. CIV. CCB-13-1615, 2013 WL 5634337 at *3 (D. Md. Oct. 15, 2013). *Id.*

Here, Plaintiffs' identity is known to Defendants and their counsel, but remains unknown publicly. Plaintiff alleges the sexual assault of a minor by a law enforcement officer, making this case one of a highly sensitive and personal nature for Plaintiffs and their son. The Court is also mindful of the strong public interest in protecting the identities of sexual assault victims so as not to deter other victims from reporting crimes against them. Having considered and weighed the interests herein, the Court concludes that the interest in preserving Plaintiffs' privacy by use of their initials outweighs the public interest in ascertaining their true names. Thus, Plaintiffs' Motion to Proceed by their Initials in this Case will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Proceed by their Initials in this Case (Doc. 2) is **granted**.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of December, 2020.