UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| J.T.H., *et al.*, | ) |
|     Plaintiffs, | ) ) ) |
| v. | )    No. 1:20-cv-222-ACL |
| MISSOURI DEP'T OF SOCIAL SERVICES, CHILDREN'S DIVISION, *et al.*, | ) ) ) ) |
|     Defendants. | ) |

**Protective Order**

Upon careful review of the joint motion of the parties for Protective Order, the Court hereby enters the following Protective Order to govern the disclosure of all information during the course of this litigation as follows:

1. Identification of Plaintiffs and their children by their initials in public filings:

    a. JTH for Plaintiff Father,

    b. HDH for Plaintiff Mother,

    c. CDH [Son],

    d. MPH [Daughter 1],

    e. EEH [Daughter 2],

    f. BRH [Daughter 3],

    g. ECH [Daughter 4].

2. HIPAA.   To the extent any PHI becomes extraneously implicated in discovery, then such PHI shall be deemed Confidential Information as described below.

3. Definition of "Confidential Information".   "Confidential information" is defined as information that is confidential under RSMo §§43.540, 205.988, 208.120, 208.155, 210.150, 337.736, 407.1500, 478.005, 566.226 and 630.140, Chapters 210, 211 and 454,

20 U.S.C. § 1232g, 34 CFR Part 99, 42 CFR §§ 431.300-.307, and 45 CFR Parts 160-164, as well as the following:

    a.    Names of Plaintiff Parents and their children,

    b.    Social security numbers, dates of birth, and driver's license numbers,

    c.    Names and addresses of minor victims of and minor witnesses to criminal conduct,

    d.    Investigative materials for cases which are not closed,

    e.    Settlement records as to *JTH v. Scott County*, 19MI-CV00222 (Mississippi County Circuit Court, 33rd Judicial Circuit, Missouri),

    f.    Closed records as that phrase is defined in the Missouri Sunshine Act, RSMo §610.010 *et seq.*,

4. Nothing in this protective order shall be construed to prohibit or restrict the Department of Social Services (DSS) or Children's Division (CD) or their employees from using or disclosing information that DSS determines in its sole discretion is necessary to perform any of its duties under law. Nor shall Plaintiffs have any right to interfere with, object to, or request knowledge of any work that CD may do in the future. Further, CD shall have the full and unfettered ability to use and disclose the information that comes to it and in its records for any lawful purpose to perform its responsibilities under law without notice to, advising or seeking consent of Plaintiffs and/or their counsel.

5. Definition of "Non-Confidential Information". Non-Confidential information is defined to include all information which does not fall within the above definition of "confidential information". Information which is already in the public domain shall be deemed non-confidential, although improper disclosure by the parties or their agents of confidential

information into the public domain (regardless of whether intentional or accidental) shall not convert the status of any information from confidential to non-confidential.

6. Confidentiality to Have No Bearing Discoverability or Admissibility. Except for information statutorily mandated as confidential under RSMo, § 43.540 and Chapter 210, whether information is confidential according to the definition in this document shall have no bearing on whether the information is deemed discoverable or admissible.

7. Questionably Confidential Information, Attorney's Eyes and Ears Only. Except for information subject to the provisions of paragraph 4, the parties agree that should other information be on the hazy border between confidential and non-confidential, then, before disclosure (whether visually or audibly) to anyone other than the attorneys in the case, counsel for the parties shall confer, and if counsel for a party desiring to keep the information confidential specifically requests it, counsel for the other party will give that party a reasonable time to seek a court order to keep the information confidential. The burden shall be on the party asserting that information is confidential to initially assert the confidentiality of the document by marking it as confidential in the manner described below. Documents delivered unmarked shall be presumed to be non-confidential.

8. Keeping Confidential Information Confidential. Except as provided in paragraph 4, the parties and their attorneys are hereby ordered to keep confidential information confidential by:

   a. No Disclosure to Non-Parties. Not disclosing confidential information to non-parties, except as provided paragraph 4.

   b. Confidential Storage Procedure. Storing documents containing such information in a manner consistent with the attorney's customary storage procedures for

        confidential information in his or her office. Notwithstanding, DSS and CD may follow its customary policies and procedures and laws governing data and document storage, records retention and retrieval.

    c.    Informing Third Parties of Existence of this Order.  Prior to disclosing protected health information to persons involved in this litigation, taking all reasonable steps to inform each such person that such information is confidential, and particularly that protected health information may not be used or disclosed for any purpose other than this litigation,

    d.    Redacting Confidential Information.  Redacting confidential information before disclosing to third parties, except that DSS and CD may disclose information in the ordinary course of business and as provided in paragraph 4.

    e.    Marking documents as Confidential.  Marking confidential documents with the words "CONFIDENTIAL" or "CONFIDENTIAL BY COURT ORDER" (or words substantially to that effect).

9.    Use of Confidential Information in the Litigation.  Except as provided in paragraph 4, the parties and their counsel may use confidential information only for the purpose of reasonable pursuit of the litigation including any appeals, and for no other purpose. Allowable disclosure of confidential information includes, but is not necessarily limited to, disclosure to attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

10.    Separate Transcription of Confidential Portions of Deposition Transcripts.  The attorneys shall direct their court reporters to separately transcribe any portions of depositions which

      contain confidential information, and to mark such separately transcribed testimony as "confidential" or with words to the effect.

11.   Post-Trial Destruction of Confidential Information.  No provision is needed as regards DSS and CD in that they are subject to state laws and regulations governing document retention and destruction. Notwithstanding, Plaintiffs agree that, if within four weeks after the termination of this action, a request is made that they return any confidential information they have received, they shall assemble the confidential information in a reasonable time and manner, and  make reasonable arrangements for its destruction or return.  If no request for return of the confidential information is made upon Plaintiffs, the attorney having the confidential information shall destroy the material pursuant to his own lawful office procedures consistent with Missouri Rule 4-1.22, that is, waiting at least six years before destruction.

12.   Right To Object, Move for Further Protection.  Nothing in this Protective Order shall either prevent any party from objecting to discovery or preclude any party from seeking any further or additional protection.

13.   No Waiver.  This Order does not operate as an admission by any party that any particular documents or things contain Confidential Information, or prejudice the right of any party to further move the Court to seek relief as to discovery.  Nor does the Order constitute a waiver of any claim of privilege or work product.  Any inadvertent production by a party of privileged or work-product information is not a waiver, and nothing in this Order reduces the protections of Fed. R. Evid. 502(d).

14. Authorization for Third Parties to Disclose Confidential Information. Notwithstanding any provision elsewhere in this Order, Third Parties are hereby authorized to disclose PHI pertaining to that party's attorneys upon presentation of a duly executed authorization.

15. No Limitation Received from Third Parties. This Order does not control or limit the use of information that comes into the possession of the parties or their attorneys from third parties.

16. No Authorization to Obtain Protected Health Information. Nothing in this Order functions as an authorization for the parties, their counsel or their agents, to obtain medical records or PHI through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process within the four corners of this suit.

17. Court Filing of Confidential Information. Any Confidential Information, and particularly PHI, which is filed with the court, such as confidential portions of exhibits used in summary judgment pleadings, shall be filed under seal. Except for information statutorily mandated as confidential under RSMo, § 43.540 and Chapter 210, disputes regarding access to a document in an unredacted form shall be resolved by submitting the unredacted document to the Court for *in camera* review without providing an unredacted copy to opposing counsel; disputes regarding information statutorily mandated as confidential under RSMo, § 43.540 and Chapter 210 shall be resolved upon written motion with redacted documents presented to Court. Not later than four weeks after the termination of this action, including any appeals, the parties shall file a motion seeking leave to remove any exhibit designated Confidential and filed under seal with the Clerk.

18. Meet and Confer Requirement, Remedy for Breach. In the event a party believes another party has breached this order that party shall first attempt to resolve the problem informally through a "meet and confer." That requires that counsel actually meet (whether in person, or by videoconference or telephone) and confer in good faith. If there is no resolution a party may apply for relief to the Court, and that the Court may allow the prevailing party in that dispute to request the award of reasonable attorney's fees, costs and expenses, payable forthwith.

19. Fixing Mistakes. If any person bound by this order releases confidential information in error, all parties shall take all reasonable steps to fix the error.

20. Continuing Jurisdiction of Court. The court shall retain continuing jurisdiction over this Protective Order, and may modify it as justice requires.

So Ordered,

_____
Hon. Abbie Crites-Leoni
United States District Court
Eastern District of Missouri
Southeastern Division


Date_____