UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| J.T.H. and H.D.H., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                                    ) | Case No. 1:20 cv 222 ACL |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| SOCIAL SERVICES, CHILDREN'S ) | |
| DIVISION, ) | |
| ) | |
| Defendants. ) | |

**Plaintiffs' Reply in support of their
Motion to Certify Order for Interlocutory Appeal**

Plaintiff Parents J.T.H. and H.D.H., by counsel Hugh A. Eastwood and W. Bevis Schock, state as follows for their Reply in support of their motion [Doc. # 49] under 28 U.SC § 1292(b) for the Court to amend its Order dated June 4, 2021 [Doc. # 47] to certify for interlocutory appeal the questions of standing, mootness, and due process as to Missouri's Child Abuse & Neglect Registry system as applied under RSMo. 210.152 and 210.153, and Missouri CSR 35-31.025.

**I.      The Procedural Posture of this case has changed since Plaintiffs' Motion was filed**

In Plaintiffs' original motion, they argued no stay was necessary during the proposed appeal, because the legal issues as to their due process claims were separate from their remaining First Amendment retaliation claim, and that their due process damages were co-extensive or subsumed into their First Amendment retaliation damages.

The procedural posture of this case has changed, however, since Plaintiffs first filed their motion to certify. The Court has since held a Rule 16 conference, and issued a Case Management Order [Doc. #53], which (as discussed below) explicitly grants Plaintiffs leave to

amend their pleading through July 26, 2021.  Subsequently, Defendants filed a memorandum in opposition to Plaintiffs' motion to certify [Doc. #55].

Defendant Spring Cook then filed an interlocutory appeal asserting that she has absolute and qualified immunity from suit under *Mitchell v. Forsyth,* 472 U.S. 511, 525–30 (1985) [Doc. #56].  So, there will assuredly be an immediate appeal regardless of the Court's ruling on this motion, since Spring Cook's interlocutory appeal as to her alleged immunities will already be before the Eighth Circuit.  And, Defendants argue that these proceedings are now stayed.  *See* Memo. in Opp. to Certification [Doc. #55] at 10.

Certifying Plaintiffs' questions of standing, mootness and their due process claims and issues for appeal will thus have *no effect* of either delaying proceedings in the district court, or burdening litigants and the courts.  Indeed, certification will help *avoid* the very piece-meal appeals against which Defendants argue.  The Eighth Circuit's policy rationales against certification do not apply here.  *Cf. White v. Nix,* 43 F.3d 374, 377 (8th Cir. 1994).  The Senate Report cited by *White* suggests that antitrust and similarly protracted cases are appropriate cases where § 1292(b) applies.  *See White*, 43 F.3d at 376, citing S.Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260.  The Supreme Court has held that § 1983 cases should be governed by the same standards which prevail in other types of equally complex federal litigation, such as antitrust cases.  *Blum v. Stenson*, 465 U.S. 886, 893 (1984) (emphasis added).  And, where there is already an interlocutory appeal, the case is already "similarly protracted."  *White,* 43 F.3d at 377, citing S.Rep. No. 2434.

Further, *White* is highly distinguishable.  It is a discovery order case.  Those are the sorts of the district court-level disputes in civil cases that the Eighth Circuit has held are inappropriate for certification.  *Blue Buffalo Co. v. Wilbur-Ellis Co.,* No. 4:14 cv 859 RWS (E.D. Mo. June 6,

2

2019) (citing *White* and denying certification of discovery order issue); *see also Teh Shou Kao v. CardConnect Corp.,* No. 16-5707 (E.D. Pa. June 26, 2019) (citing *White* and denying certification of venue issue); *Morgan v. Ford Motor Company,* No. 06-1080 (JAP) (D.N.J. Jan. 25, 2007) (citing *White* and denying certification of remand issue).

In the context of controlling legal questions and civil rights actions, however, Eighth Circuit case law supports Plaintiffs' argument that consolidating appeals promotes efficiency. *See, e.g., Jackson v. Rapps,* 947 F.2d 332, 335 (8th Cir. 1991) (expanding § 1983 issues for appeal under § 1292(b) where Missouri Child Support Enforcement workers otherwise appealed as-of-right the denial of qualified immunity). Consolidation is also appropriate where a *defendant* has sought to certify additional issues when otherwise appealing as-of-right the denial of qualified immunity. *See, e.g., Cross v. City of Des Moines,* 965 F.2d 629, n.1 (8th Cir. 1992) (certifying discovery order in favor of § 1983 plaintiff and against defendants for appeal in connection with as-of-right qualified immunity appeal). A § 1983 civil rights plaintiff who fails to seek certification otherwise waives a consolidated appeal of the relevant issues. *Mathers v. Wright,* 636 F.3d 396, 398 (8th Cir. 2011) (§ 1983 plaintiff failed to seek certification under Rule 54(b) or § 1292(b), so plaintiff's issues not properly on appeal, where defendant cross-appealed as-of-right the denial of qualified immunity) (cleaned up). The same is true for a defendant otherwise appealing the denial of qualified immunity as of right. *Langford v. Norris,* 614 F.3d 445, 457 (8th Cir. 2010) (declining to consider § 1983 defendant's uncertified issue of exhaustion as somehow meeting collateral order doctrine requirements of § 1291 in connection with defendant's otherwise as-of-right qualified immunity appeal). Admittedly, the district court's certification is not always binding on the Eighth Circuit, but that is not a factor under either the statute or the case law in considering whether to certify. *See Davis v. Hall,* 375 F.3d 703, 710

(8th Cir. 2004) (reviewing consolidated § 1983 issues for appeal after § 1292(b) certification with otherwise as-of-right appeal as to the denial of qualified immunity, where based on same record and same evidence, but declining to review certified issues).

## II.     Standard of Review, and Merits

The parties appear to generally agree on the standard of review already briefed.

Defendants also appear to re-argue the merits of cases that support the Court's Order dismissing Plaintiffs' due process claims and issues, and attempt to differentiate the Title IX cases that Plaintiffs assert cut in their favor.  For example, Defendants argue on the merits that Plaintiffs lack standing to assert their declaratory judgment claim in Count I, but do not explain why standing is not a legal issue appropriate for § 1292(b) certification.  Further, the authorities cited by Defendants are inapposite as they do not concern the issue of § 1292(b) certification. *See, e.g.,* Def. Opp. [Doc. #55] at 4 (*Vorbeck v. Schnicker,* 660 F.2d 1260 (8th Cir. 1981) (finding no subjective chill in a §1983 action by police officers challenging new department rules, hence no standing, but lacking any discussion of §1292(b) issues as to an appeal from the district to the circuit court); *TransUnion, Inc. v. Ramirez,* 2021 WL 2599472, ___ U.S. ___ (June 25, 2021) (finding no concrete harm, so no standing, but lacking any discussion of §1292(b) issues as to an appeal from the district to the circuit court).

Plaintiffs stand by their argument that their six Title IX appellate cases, cited below in n. 2, create sufficient conflicting decisions on the same issues of due process in the stigmatic context of sexual misconduct. [1]  Sufficiency of the difference of opinions is a certification requirement.  *See White,* 43 F.3d at 378.  Further, the lack of Eighth Circuit apposite authority on

---

[1] Plaintiffs have also cited to nine district court opinions on the issue of due process in the context of Title IX due process and stigmatic allegations of sexual misconduct.  *See* Memo. in supp. of Prelim. Inj. [Doc. 21-1] at 29, n. 9.

4

the merits is no bar to certification. The absence of controlling law on a particular issue can itself constitute substantial grounds for certification. *See Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004).

Further, the point of Plaintiff's motion to certify is *not* to ask this Court to re-consider its Order, or otherwise to change or vacate its opinion. Rather, it is simply to certify that (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiffs suggest that they meet all three statutory factors. *See also* 16 Charles Alan Wright, et al., Federal Practice & Procedure § 3929 (3d ed. 2017) (explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility).

A review of cases in this district where certification was granted cuts in Plaintiffs' favor on the three factors. Those include constitutional claims such as the application of fundamental rights. *McCormick v. Johnston,* No. 4:09-CV-140 (CEJ) (E.D. Mo. Feb. 9, 2010) (certifying First Amendment issues as applied to a religious organization); *Doe CS v. Capuchin Franciscan Friars,* 520 F.Supp.2d 1124, 1135 (E.D. Mo. 2007) (same); *Doe SD v. Salvation Army,* 2007 WL 2757119 (E.D. Mo. 2007) (same); *see also Emerson Elec. Co. v. Yeo,* No. 4:12 cv 1578 JAR (E.D. Mo. Feb. 5, 2013) (certifying legal questions of contractual consideration and personal jurisdiction).

In the alternative, Defendants argue that this Court already rejected Plaintiffs' Title IX due process arguments and authorities.[2] But Plaintiffs respectfully suggest that the Court has not

---

[2] Plaintiffs already distinguished the due process issues in the following sexual misconduct cases: *Doe v. Baum,* 903 F. 3d 575, 581 (6th Cir. 2018); *Doe v. Purdue Univ.,* 928 F. 3d 652, 664 n. 4 (7th Cir. 2019); *Doe v. Miami Univ.,* 882 F. 3d 579, 600 (6th Cir. 2018); *Doe v. Univ. of*

5

explicitly rejected them. It just has declined so far to directly "deem" or "weigh" them as distinguishable or unpersuasive. Indeed, most of the Court's reasoning relied on standing and mootness, rather than merits. *See. e.g.,* Memo and Order [Doc. #47] at 12-18. To the extent the Court considered merits, it did not explicitly weigh the Title IX cases. *Id.* at 21-23. Rather, the Court held that Plaintiffs lack a concrete injury since they were never permanently placed on the Central Registry, and "otherwise no adverse consequences occurred." *Id.* at 21.

That distinguishes the posture of this motion from those cases where the district court has *already* deemed authorities to be distinguishable and unpersuasive. *In re Methyl Tertiary Butyl Ether,* 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) (The arguments and authorities … were thoroughly considered and found to be inapposite) (emphasis added); *see also id.* at n. 20 (*Ralph Oldsmobile,* 2001 WL 55729, at *4 (offering cases that the court had already deemed distinguishable and unpersuasive did not establish a substantial ground for a difference of opinion) (emphasis added). *Accord Moll,* 1987 WL 10026, at *3 (finding no substantial difference of opinion where movant merely reargued points already weighed by the court in its initial decision) (emphasis added)).

Finally, Defendants argue that some of the facts regarding standing are based on an affidavit filed with the motion for preliminary injunction that was filed *after* the Complaint. They are correct. That is because that affidavit concerns events that occurred to Plaintiffs *after* the Complaint was filed. Under the Case Management Order, Plaintiffs may amend their pleading as of right to add those facts, since they believe those facts buttress their standing and

---

*Cincinnati,* 875 F.3d 393, 393 (6th Cir. 2017); *Doe v. Univ. of Ark.,* 974 F.3d 858, 868 (8th Cir. 2020); *Haidak v. Univ. of Mass.- Amherst*, 933 F. 3d 56, 68-72 (1st Cir. 2019).

6

injury-in-fact.  But Defendants also argue that this Court must automatically stay these proceedings pending interlocutory appeal, so it is ambiguous if Plaintiffs can still amend.

Plaintiffs suggest that fairness principles apply here.  Defendants' argument is that they are entitled to a second bite at the apple on appeal, but that Plaintiffs are not.  Surely what is sauce for the goose is sauce for the gander.

**III.    Prayer**

WHEREFORE Plaintiff Parents J.T.H. and H.D.H. respectfully move the Court under 28 U.S.C. § 1292(b) to amend its Order dated June 4, 2021 [Doc. # 47] to certify for interlocutory appeal the questions of standing, mootness, and due process as to Missouri's Child Abuse & Neglect Registry system as applied under RSMo. 210.152 and 210.153, and Missouri CSR 35-31.025; and grant such other relief as may be just, meet and reasonable.

Respectfully submitted,

Co-Counsel for Plaintiff

/s/ Hugh A. Eastwood
Hugh A. Eastwood, 62058MO
Attorney at Law
7911 Forsyth Blvd., Ste. 300
St. Louis, MO 63105-3825
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax
(314) 863 5335 Office Fax

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

Certificate of Service

The undersigned certifies that on 7/06/2021 that (s)he served this document on all parties of record by operation of the Court's CM/ECF system.

*/s/ Hugh A. Eastwood, 62058MO*