UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| J.T.H. and H.D.H., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:20 CV 222 ACL |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| SOCIAL SERVICES, CHILDREN'S | ) | |
| DIVISION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Certify Order for Interlocutory

Appeal.  (Doc. 49.)  Also pending is Defendant Spring Cook's Motion for Stay Pending Appeal.

(Doc. 62.)  The motions are fully briefed and ready for disposition.

**I.      Background**

The Complaint sets forth five counts.  In Count I, Plaintiffs request prospective,

declaratory relief against the Children's Division of the Department of Social Services ("CD")

for violating Plaintiffs' procedural due process rights.  Count II seeks to enjoin CD from

enforcing allegedly unconstitutional procedures in resolving reports of abuse made to the State of

Missouri's Child Abuse and Neglect Hotline.  In Count III, Plaintiffs allege Defendant Spring

Cook, in her individual capacity, retaliated against Plaintiffs for making allegations against Scott

County and its Sheriff by investigating and making a finding of child neglect against Plaintiffs in

violation of their rights under the First Amendment to the United States Constitution.  Count IV

alleges that Spring Cook, in her individual capacity, violated Plaintiffs' right to procedural and

substantive due process under the Fourteenth Amendment.  In Count V, Plaintiffs assert a state

1

law malicious prosecution claim against Spring Cook for investigating and making findings against Plaintiffs for child neglect.

Defendants filed a Motion to Dismiss Plaintiffs' Complaint.  On June 4, 2021, the Court granted Defendants' Motion in part, dismissing Counts I, II, IV, and V.  (Doc. 47.)  Specifically, the undersigned found that Plaintiffs lacked standing to bring Counts I and II; Counts I, II, and IV failed on the merits, because Plaintiffs were unable to show a deprivation of a protected liberty interest; and Count V failed to state a claim for which relief can be granted.  The Court also denied Plaintiffs' Motion for Preliminary Injunction as moot.  Thus, only Count III of the Complaint remains pending.

On June 14, 2021, Plaintiffs filed the instant Motion to Certify Order for Interlocutory Appeal.  (Doc. 49.)  Plaintiffs request that the Court certify for interlocutory appeal the claim for declaratory relief against CD in Count I, and the claim for damages against Cook in Count IV. Defendants oppose the Motion, arguing Plaintiffs do not carry the heavy burden of demonstrating that certification is appropriate.  (Doc. 55.)

On June 28, 2021, Defendant Cook filed a Notice of Appeal with regard to the Court's denial of absolute immunity and qualified immunity on Count III.  (Doc. 56.)  Defendant Cook subsequently filed a Motion for Stay Pending Appeal, in which she requests that the Court stay all proceedings (except those involving Plaintiffs' motion for certification of an interlocutory appeal) pending the outcome of her appeal.  (Doc. 62.)  Plaintiffs have filed a Response indicating they consent to such a stay.  (Doc. 63.)

## II.    Plaintiffs' Motion to Certify

Section 1292(b) of Title 28 of the United States Code provides a mechanism for a district court to grant an appeal on an otherwise non-final order.  In order to satisfy § 1292(b), a case

must involve an issue that concerns "(1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the ultimate outcome of the litigation." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979).  Imbedded in these factors is a ripeness requirement.  *See id.*  This is because "[t]he purpose of section 1292(b) is not to offer advisory opinions 'rendered on hypotheses which (evaporate) in the light of full factual development.'" *Id.* (quoting *Minnesota v. United States Steel Corp.*, 438 F.2d 1380, 1384 (8th Cir. 1971)).  A district court must therefore ensure that factual issues are sufficiently resolved before granting certification.  *See S.B.L. v. Evans*, 80 F.3d 307, 311 (8th Cir. 1996).

Moreover, "the requirements of § 1292(b) are jurisdictional," and this "jurisdictional analysis is guided by the policy embodied in the final judgment rule." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994); *see also Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, 557 F. App'x 618, 619 (8th Cir. 2014).  That is, it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants" and accordingly, "permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." *White*, 43 F.3d at 376 (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)).  The Eighth Circuit has explained that "the legislative history of subsection (b) of section 1292...indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.  It was not intended merely to provide review of difficult rulings in hard cases." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1996) (per curiam) (cited with approval in *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008)).  Indeed, those seeking an interlocutory appeal have the "heavy burden" of demonstrating

that a case is "exceptional" and therefore merits immediate appeal.  *White*, 43 F.3d at 376; *see also Alchemy Advisors, LLC v. Cedarburg Pharm., Inc.*, No. 4:08–CV–1964–FRB, 2010 WL 56012 (E.D. Mo. Jan. 4, 2010).

**1. Controlling Question of Law**

As to the first § 1292 factor, Plaintiffs argue that the due process claims presented in Counts I and IV involve a controlling question of law.  A controlling question of law must be legal – one of fact or an issue not within the district court's discretion.  *See White*, 43 F.3d at 376; *see also E.E.O.C. v. Allstate Ins. Co.*, No. 4:04–CV–01359–ERW, 2007 WL 38675, at *3 (E.D. Mo. Jan. 4, 2007).

Here, Plaintiffs present questions of standing, mootness, and due process related to Missouri's Child Abuse & Neglect Registry system.  These issues are non-discretionary and are controlling questions of law.  Indeed, Defendants do not dispute this factor is satisfied.

**2. Substantial Grounds for Difference of Opinion**

Plaintiffs argue that this factor is satisfied because the Missouri Supreme Court's decision in *Jamison v. State*, 218 S.W.3d 399 (Mo. 2007), "is no longer good law in light of evolving due process precedent."  (Doc. 49 at p. 5.)  They further argue that there are conflicting opinions in other circuits.  Defendants dispute that there are substantial grounds for a difference of opinion as to whether Plaintiffs have standing for Count I or as to whether Plaintiffs have alleged a deprivation of a protected liberty interest on Counts I and IV.

Plaintiffs have not shown that there is a substantial ground for difference of opinion.  A mere dearth of cases does not establish a substantial ground for difference of opinion.  *White,* 43 F.3d at 378.  "[I]dentification of 'a sufficient number of conflicting and contradictory opinions' would provide substantial ground for disagreement."  *Id.* at 378 (quoting *Oyster v. Johns–*

4

*Manville Corp.,* 568 F. Supp. 83, 88 (E.D. Pa. 1983)).  Moreover, substantial ground for a difference of opinion exists when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is one of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *Emerson Elec. Co. v. Yeo*, No. 12–CV–1578–JAR, 2013 WL 440578, *2 (E.D. Mo. Feb. 5, 2013) (quoting *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876–77 (E.D. Mich. 2012)).

To support its request for certification, Plaintiffs first acknowledge that the Eighth Circuit has not yet addressed the merits of their due process claims, but argue that the Sixth and Seventh Circuits "have held that where there are conflicting narratives of the truth, the opportunity for cross-examination must be afforded."  (Doc. 49 at p. 5.)  Plaintiffs then cite three Sixth Circuit cases[1] and one Seventh Circuit case.[2]  Notably, each of these cases involves a university student who sued under § 1983 for Title IX violations.

The undersigned found that Plaintiffs lacked standing to pursue Count I, because they could not show an injury in fact.  In so holding, the Court relied upon Eighth Circuit precedent, including *Mitchell v. Dakota County Social Services*, 959 F.3d 887 (8th Cir. 2020).  The undersigned further found that Counts I and IV failed to state a claim upon which relief could be granted, because Plaintiffs failed to show a deprivation of a protected liberty interest. Specifically, the Court found that, in light of the admitted facts that Plaintiffs' son had been a victim of sexual abuse on multiple occasions, Defendants had a compelling governmental

---

[1]*Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018), *Doe v. Miami Univ.*, 882 F.3d 579, 600 (6th Cir. 2018), and *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017).
[2] *Doe v. Purdue Univ.*, 928 F.3d 652 (7th Cir. 2019).

interest in the protection of Plaintiffs' minor son.  Plaintiffs successfully challenged Cook's preliminary finding of neglect, and Plaintiffs' children were never removed from their home.

The cases relied upon by Plaintiffs do not support that Plaintiffs have standing for Count I.  As to the merits of Counts I and IV, Plaintiffs do not demonstrate the lack of precedent on the issue of due process rights in child abuse and neglect procedures, nor do they show a circuit split on this issue.  *See Sunflower Redevelopment, LLC v. Illinois Union Insurance Co.*, No. 4:15–CV–577–DGK, 2016 WL 1228659, at *4 (W.D. Mo. March 28, 2016) (finding that three cases cited from outside the circuit is not sufficient to establish a substantial ground for difference of opinion).  Accordingly, Plaintiffs have not identified a sufficient number of contradictory opinions such that this Court is persuaded that there is a substantial ground for difference of opinion.

### 3.  Material Advancement

With respect to the third factor, Plaintiffs initially argued that their due process damages were co-extensive or subsumed into their First Amendment retaliation damages, and that granting the interlocutory appeal "will not otherwise delay the ultimate resolution of this case, or prevent discovery on the retaliation issues."  (Doc. 49.)  After Plaintiffs filed their Motion, Defendants filed their notice of appeal on the issue of qualified immunity and accompanying request to stay.  Plaintiffs now argue that granting their motion to certify will have no effect of either delaying proceedings in this Court or burdening litigants and the courts.  Defendants contend that Plaintiffs fail to show how certification will materially advance the ultimate termination of the ligation.

In determining whether interlocutory appeal will advance the ultimate termination of litigation, courts consider whether "an immediate appeal would (1) eliminate the need for trial,

(2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994) (citation omitted). "When litigation will be conducted in substantially the same manner" regardless of the appellate court's decision, "the appeal cannot be said to materially advance the ultimate termination of the litigation." *White,* 43 F.3d at 378–79; *cf. Simon v. G.D. Searle & Co.*, 816 F.2d 397 (8th Cir. 2012) (holding that interlocutory appeal was proper where questions concerning the work product doctrine could affect about forty consolidated cases).

In this case, Plaintiffs seek to appeal the dismissal of its claims on a motion to dismiss. Given this procedural posture, there is no decision the Eighth Circuit could enter on interlocutory appeal that would eliminate the need for a trial or otherwise simplify the trial or discovery. While it is true that an interlocutory appeal by Plaintiffs would not cause any *additional delay* in light of Defendants' pending appeal and requested stay of this matter, the absence of delay is not an appropriate consideration. The Court must still consider the factors enumerated by 28 U.S.C. §1292(b) in determining whether to grant Plaintiffs' Motion to Certify. *See Mathers v. Wright*, 636 F.3d 396, 398 (8th Cir. 2011) (Eighth Circuit lacked jurisdiction to hear plaintiff's appeal of 12(b)(6) dismissal of claims when plaintiff did not obtain certificate from district court under 28 U.S.C. § 1292(b), even though Court had jurisdiction to hear defendant's cross appeal of denial of qualified immunity). Plaintiffs' proposed interlocutory appeal would not advance the ultimate termination of litigation.

The absence of any one of the three requirements for interlocutory appeal would be fatal to plaintiffs' motion. Here, Plaintiffs have not met their heavy burden to show two of the three requirements. Thus, the Court finds that this case is not "exceptional," and concludes that an immediate interlocutory appeal is not warranted.

### III.     Defendant Cook's Motion

As previously noted, Defendant Cook has appealed the Court's denial of her immunity defenses and now seeks a stay of proceedings in this action.  (Doc. 62.)  Plaintiffs have filed a Response indicating they consent to a stay.  (Doc. 63.)

Generally, the filing of a Notice of Appeal confers jurisdiction in the appellate court over all matters appealed.  It also divests the district court of jurisdiction over any aspects of the case relating to the appeal.  *See Johnson v. Hay,* 931 F.2d 456, 459 (8th Cir. 1991).  Many district courts, faced with a similar appeal and motion to stay after having denied immunity, determine that a stay of all proceedings is required pending the outcome of appeal.  *See Jones v. Clinton,* 879 F. Supp. 86, 87 (E.D. Ark. 1995) (stating that "[a]n appeal from a denial of official immunity requires a stay of all proceedings pending resolution of the appeal."); *see also Dickerson v. McClellan,* 1994 WL 577519, at *1 (6th Cir. 1994) (stating that "[b]ecause an order denying qualified immunity is immediately appealable, it follows that in most cases a stay of the trial proceedings may be necessary to preserve the issue.")

The Court finds that a stay of all proceeding in this action pending resolution of Defendant's appeal is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Certify Order for Interlocutory Appeal (Doc. 49) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Spring Cook's Motion for Stay Pending Appeal (Doc. 62) is **granted**.

8

**IT IS FURTHER ORDERED** that this action is **stayed** pending the Eighth Circuit

Court of Appeal's resolution of Defendant Spring Cook's appeal.


_s/Abbie Crites-Leoni_
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of August, 2021.

9